DECISION
{¶ 1} Petitioner-appellant, Larry M. Fannin, appeals the October 12, 2001 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, adopting a magistrate's decision. For the reasons that follow, we affirm the judgment of the trial court.
{¶ 2} On December 2, 1998, petitioner-appellant and petitioner-appellee, Janet L. Fannin, filed a petition for dissolution of marriage. The petition revealed that the parties were married on May 31, 1986, and that three children were born as issue of the marriage. The parties attached an executed separation agreement, as well as an executed agreed shared parenting plan, to the petition. On January 5, 1999, the trial court entered a judgment entry decree of dissolution, approving and incorporating both the separation agreement and the agreed shared parenting plan as part of the decree. As such, petitioner-appellee (hereinafter "appellee") was designated as the residential parent for school placement purposes, and petitioner-appellant (hereinafter "appellant") was ordered to pay $900 per month plus poundage as child support.
{¶ 3} On August 26, 1999, both parties filed motions to enforce the terms of the January 5, 1999 decree. Appellee filed a motion for an order of contempt against appellant for his alleged failure to comply with the financial terms of the divorce. Appellee also filed a motion for reallocation of parental rights and responsibilities, requesting that she be named residential parent and legal custodian of the children and seeking modification of the child support provisions. Later, on March 27, 2001, she filed a second motion for an order of contempt, alleging appellant's failure to pay child support and his portion of medical expenses.
{¶ 4} On the same day, appellant filed similar motions, i.e., one for an order of contempt against appellee, alleging willful refusal to allow him to see the children or provide him with medical records and information, and another for the reallocation of parental rights and responsibilities, seeking the status of residential parent and legal custodian with an award of child support or, alternatively, to reverse the current roles under the shared parenting agreement. In addition, appellant filed five other motions including: (1) a request for an in camera interview for the children with the court; (2) a motion for the appointment of a Guardian ad litem; (3) a motion for the psychological examination of the parties; (4) a motion requesting that the trial court name him as the temporary residential parent and legal custodian, or as the temporary school placement parent; and (5) a motion for a temporary restraining order to prevent appellee from taking the children outside of Ohio, pending further notice.
{¶ 5} The resolution of the above motions took place over an extended period of time leading up to the magistrate's hearing. On August 27, 1999, the court filed an entry sustaining appellant's motion for a temporary restraining order. And, on September 29, 1999, a magistrate appointed a Guardian ad litem to the case. Various "Magistrate's Agreed Interim Orders" were subsequently filed to establish the procedures by which a court appointed psychologist would perform the psychological evaluations, as well as to determine the responsibilities of each party regarding payment for the services of the Guardian ad litem. Finally, on April 2, 2001, appellant withdrew his motion for an in camera interview of the children.
{¶ 6} Thus, by October 5, 2001, the only issues left for the magistrate to address at the hearing were whether either party was in contempt of the previous court orders and whether the shared parenting agreement should be modified.[1] The magistrate first addressed the issue of custody and support. After weighing the evidence, which included the testimony of many witnesses, and finding that significant changes had occurred since the January 1999 decree, the magistrate deemed the shared parenting agreement adverse to the best interests of the children. Accordingly, the magistrate terminated the agreement, designated appellee as the residential parent and legal custodian of the children, and granted appellant parenting time according to an attached schedule. The magistrate further addressed the issues of applicable child support and eligibility for tax deductions. Appellant's obligation was set at $1,067.30 per month, and he was granted the deductions for the two oldest children. Appellee received the deduction for the youngest child. Remaining support and expense sharing issues were generally set at a 70 to 30 percent ratio, with appellant carrying the higher proportion.
{¶ 7} The magistrate also ruled on the pending contempt motions. Regarding appellant's single motion, the magistrate dismissed it as unsupported by any credible evidence. As for appellee's first motion, the magistrate found appellant in compliance with the decree as of the time of the hearing, and therefore not in contempt. However, appellant was ordered to pay appellee $300 for her reasonable expenses and fees related to that motion. Regarding appellee's second motion, the magistrate found appellant in contempt, citing clear and convincing evidence indicating he had not paid child support or certain medical bills. Appellant was also ordered to pay appellee approximately $1,000 for expenses incurred as a result of his contempt in addition to $500 of her attorney's fees. After making other appropriate findings, the magistrate concluded that his decision would be effective upon approval by the court.
{¶ 8} On October 12, 2001, the trial court adopted the magistrate's decision and an entry was filed the same day. On October 26, 2001, appellant filed timely written objections to the magistrate's decision pursuant to Civ.R. 53(E)(3). Therein, appellant argued that the magistrate made several misstatements of fact, miscalculations, and generally unfair decisions. Since the trial court adopted the magistrate's decision prior to the filing of timely objections, those objections "operate as an automatic stay of execution on that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(E)(4)(c). Appellant also filed a notice of appeal with this court on November 13, 2001; however, that appeal was dismissed because the trial court had not yet ruled on the timely objections filed.
{¶ 9} On February 12, 2002, the trial court conducted a hearing on appellant's objections to the magistrate's decision. In the decision and entry filed that day, the trial court noted that appellant's objections were factually based. But, while he did file objections, appellant failed to file a request for findings of fact and conclusions of law. He further neglected to order a transcript of the magistrate's hearing. Following Civ.R. 53(E), the court concluded that it was thus prevented from reviewing any objection to a finding of fact; therefore, appellant's objections were dismissed.
{¶ 10} On February 26, 2002, the trial court filed a judgment entry to correct a clerical error in the February 12, 2002 entry, but otherwise left the judgment unchanged. Therefore, the October 12, 2001 judgment adopting the magistrate's decision stood as a final appealable order.
{¶ 11} Appellant now appeals that judgment, asserting the following assignment of error:
{¶ 12} "1. The Lower court erred to the prejudice of the Petitioner-father, Larry M. Fannin, in finding that there were no genuine issues of material fact and granting and a judgment entry was made on October 12, 2001. In this Magistrates decision are numerous errors and unsubstantiated statements that led to the termination of a shared parenting agreement between the parties and changed custody to the Petitioner-mother Janet L. Fannin. Which changed the financial terms and concessions that were originally agreed two by the parties[.] * * *"
{¶ 13} The proper standard to apply when reviewing an appeal from the decision of a trial court adopting a magistrate's decision is whether that court abused its discretion. Still v. Still, Franklin App. No. 01AP-1082, 2002-Ohio-3358, at ¶ 7; George Thomas Contractor, Inc. v. Hackmann (Mar. 8, 2001), Franklin App. No. 00AP-877. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219." Stated otherwise, an abuse of discretion amounts to "a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong." Still at ¶ 8.
{¶ 14} We note that appellant's assignment of error is stated in a confusing manner. While he asserts that the trial court erred in finding "no genuine issues of material fact," the court was, in fact, precluded from reviewing factual issues due to appellant's procedural failure to request findings of fact and conclusions of law and to provide a transcript. Thus, it appears — especially when the assignment is read in the context of the enumerated "issues presented for review" — that appellant is essentially appealing the trial court's acceptance of the factual basis for the magistrate's decision.
{¶ 15} Again, appellant's argument is factually based. When an appellant intends to advance such arguments on appeal, App.R. 9(b) places the obligation of supplying a transcript on the appellant, as it is that party who bears the burden of proving error by reference to the applicable record. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; Miller v. Franklin Cty. Children Serv. (May 22, 2001), Franklin App. No. 00AP-1375. The record does show that appellant filed a motion with this court on May 20, 2002, requesting that a transcript be supplied at the state's expense and that he be permitted to proceed in forma pauperis. However, by judgment entry of June 18, 2002, only appellant's motion to proceed in forma pauperis was granted — appellant's motion to have the transcript provided at the state's expense was denied.
{¶ 16} Therefore, appellant was aware that a transcript was necessary. Yet, the record on appeal remains void of a transcript from either the magistrate's or the trial court's hearing. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. See, also, State v. Darthard, Franklin App. No. 01AP-1291, 2002-Ohio-4292, at ¶ 12. Accordingly, we must presume the validity of the proceedings below, and find that the trial court properly adopted the magistrate's decision.
{¶ 17} Additionally, to the extent that appellant may be arguing that the court's judgment is unsupported by, or against the weight of, the evidence, we are similarly bound from action by the absence of the transcript. Further, it must be noted that it is beyond our reviewing authority to weigh the credibility of witnesses. Rather, that is a function primarily of the trier of fact — in this case, the court below — as the fact finder has the better opportunity to pass upon the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus; Featherstone v. Ohio State Univ. College of Dentistry (Dec. 18, 2001), Franklin App. No. 01AP-693.
{¶ 18} For the foregoing reasons, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
PETREE and BROWN, JJ., concur.
[1] Five of the ten total motions remained for consideration: appellant's motions for contempt and modification of parental rights (filed August 26, 1999), appellee's motions for contempt and modification of parental rights (filed August 26, 1999), and appellee's second motion for contempt (filed March 27, 2001).